UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Lawrence Fultz, *plaintiff,* versus 900 Terry Parkway LLC, *defendant.* | Civil No. 2:26-cv-1442-DJP-KWR<br>Section P, Division 4<br>District Judge Darrel James Papillion<br>Magistrate Judge Karen Wells Roby |

**Answer and Affirmative Defenses**

Defendant 900 Terry Parkway LLC ("900 Terry Parkway") responds to plaintiff Lawrence Fultz's *Complaint* [R. Doc. 1]:

**Preliminary statement**

**This is Fultz's eighth lawsuit of fifteen this year.** By his own account Lawrence Fultz lives in Jefferson Parish, five miles from the Property, and in 2026 he has worked his way up and down its principal thoroughfares, filing Title III suits: against 700 Terry Parkway and 900 Terry Parkway (this suit) and the Terrytown Mall on Terry Parkway, against 7520 Westbank Expressway in Marrero, against Marrero Land & Improvement Association, and against the Gretna Bingo Palace. He has not confined himself to the Westbank. Between April 16 and October 23, 2026, he filed fifteen Title III actions in this District, the rest of them against small businesses elsewhere in the greater New Orleans area.[1] That is better than two new federal lawsuits a month, every month, for

[1] Each is a civil action in this District with Lawrence Fultz as plaintiff: *Fultz v. Grand Oaks Investments, LLC*, No. 2:26-cv-00809 (filed Apr. 16, 2026; closed June 4, 2026); *Fultz v. 3300 Claiborne LLC*, No. 2:26-cv-00814 (filed Apr. 17, 2026; closed Sept. 29, 2026); *Fultz v. Mike's Liquor & Tobacco Store LLC*, No. 2:26-cv-01053 (filed May 15, 2026); *Fultz v. 7520 Westbank Expressway, LLC*, No. 2:26-cv-01074 (filed May 19, 2026); *Fultz v. Schnell's Restaurant & Bar, LLC*, No. 2:26-cv-01090 (filed May 20, 2026); *Fultz v. Vu*, No. 2:26-cv-01314 (filed June 18, 2026); *Fultz v. Brafman*, No. 2:26-cv-01427 (filed July 2, 2026); this action, No. 2:26-cv-01442 (filed July 6, 2026); *Fultz v. 3301 Williams Blvd, LLC*, No. 2:26-cv-01708 (filed Aug. 4, 2026); *Fultz v. 700 Terry Parkway, LLC*, No. 2:26-cv-01775 (filed Aug. 12, 2026; closed Oct. 8, 2026); *Fultz v. Marrero Land & Improvement Association, Ltd.*, No. 2:26-cv-01838 (filed Aug. 20, 2026); *Fultz v. BRV, L.L.C.*, No. 2:26-cv-01890 (filed Aug. 27, 2026); *Fultz v. Gretna Bingo Palace, Inc.*, No. 2:26-cv-02081 (filed Sept. 16, 2026); *Fultz v. Layan LLC*, No. 2:26-cv-02092 (filed Sept. 17, 2026); and *Fultz v. Terrytown Mall, LLC*, No. 2:26-cv-02454 (filed Oct. 23, 2026).

The sixteen earlier actions were filed between December 31, 2015 and August 5, 2016, beginning with *Fultz v. Doctor's Associates, Inc.*, No. 2:15-cv-07179, and *Fultz v. Marrero Partners, Ltd.*, No. 2:15-cv-07180. 900 Terry Parkway asks the Court to take judicial notice of its own records under Fed. R. Evid. 201(b)(2) and (c)(2).

seven months. He filed sixteen more in this District in a little over seven months, between December 31, 2015 and August 5, 2016, then went quiet for a decade. The first of the 2026 suits closed in 49 days. The one against the property next door, 700 Terry Parkway, closed in 57. 900 Terry Parkway does not question that Mr. Fultz has a disability, and it takes the Americans with Disabilities Act seriously. But a litigation campaign that works its way down a parkway is not the same thing as a shopper who could not get a smoothie, and the Court should read this *Complaint* for what it is.

**The *Complaint* pleads Mr. Fultz's own experience "upon information and belief."** Paragraph 15 alleges, "[u]pon information and belief," that Mr. Fultz has visited the Property and wants to visit again. Paragraph 16 alleges, "[u]pon information and belief," that his most recent visit was in June 2026. A plaintiff knows whether he went somewhere and whether he wants to go back; those are not matters on which he needs information or belief, and the qualifier tells the Court that the pleading was not written from his account of anything. The *Complaint* does not say what day in June he came, how he got there, where he parked, which entrance he approached, whether he reached the Smoothie King, or whether he bought the smoothie that paragraph 10 says he came for. Paragraph 10 alleges that he "has visited the Property to purchase a smoothie." Paragraph 17 alleges that during his visit he "was unable to access the Property." Both cannot be true of the same visit.

**The barriers alleged are not Mr. Fultz's barriers.** Two of the four conditions pleaded in paragraph 21 concern the accessible parking "in front of the Bethesda Church," and one of the two (subparagraph B) also names the space in front of the Smoothie King. The *Complaint* does not allege that Mr. Fultz attended the church, parked in its space, or had any reason to; a customer of the Smoothie King does not use the church's space, and a plaintiff has no standing to litigate a condition that never affected him. The third condition, "impermissibly high thresholds at many of the tenant spaces," names no tenant and no threshold. The fourth is a conclusion about "slopes and changes in level." The fifth, "[o]ther mobility-related ADA barriers to be identified following a complete inspection," is not an allegation at all. It is a placeholder, and it concedes the sequence:

the suit was filed first, and the inspection is to follow. No one contacted the property owner before filing; the first word 900 Terry Parkway had of Mr. Fultz was the Complaint.

**What 900 Terry Parkway asks.** 900 Terry Parkway will address any element of its property that the ADA requires it to address, and it does not need a lawsuit to do so. What it will not do is accept, on a pleading this thin and without any proof, that one of a serial litigant's fifteen filings this year describes a genuine, concrete, and imminent injury to him, or that the fees generated by that filing are owed by whichever small business happened to sit along his route. 900 Terry Parkway answers below, pleads its defenses, and asks the Court to hold Mr. Fultz to the same standing, mootness, and prevailing party rules that govern every other plaintiff.

**Answer**

900 Terry Parkway responds to the numbered paragraphs of the *Complaint* as follows. Every allegation not expressly admitted is denied. The headings of the *Complaint* are not allegations and require no response; to the extent a response is required, they are denied.

**Introductory paragraph.** The unnumbered introductory paragraph characterizes the action and requires no response. To the extent a response is required, 900 Terry Parkway admits that Mr. Fultz purports to sue under Title III of the ADA, 42 U.S.C. 12181 et seq., and under La. R.S. 51:2231 et seq. (which the *Complaint* calls the "LCHR"), and denies that he is entitled to any of the relief he seeks.

1. Admitted that the *Complaint* purports to seek declaratory and injunctive relief under Title III and La. R.S. 51:2231 et seq. Denied that Mr. Fultz is entitled to that relief.
2. Admitted that 28 U.S.C. 1331 confers subject matter jurisdiction over a claim that arises under federal law, and that 28 U.S.C. 1367 permits supplemental jurisdiction over a related state law claim. Admitted that 28 U.S.C. 1343(a)(4) confers original jurisdiction over an action to secure equitable relief under an Act of Congress providing for the protection of civil rights. Denied that Mr. Fultz has Article III standing to pursue the injunctive and declaratory relief he seeks, and denied that the Court should exercise supplemental

jurisdiction over the state law count. The remaining allegations are legal conclusions to which no response is required; to the extent one is required, they are denied.

3. Admitted that venue is proper in this District.

4. 900 Terry Parkway lacks knowledge or information sufficient to form a belief about Mr. Fultz's age and citizenship, and therefore denies the allegations of paragraph 4.

5. 900 Terry Parkway lacks knowledge or information sufficient to form a belief about where Mr. Fultz resides, and therefore denies the allegations of paragraph 5.

6. 900 Terry Parkway lacks knowledge or information sufficient to form a belief about Mr. Fultz's physical condition, and therefore denies the allegations of paragraph 6, except that it does not expect to dispute, for purposes of this action, that a person who is missing a leg and uses a wheelchair has a disability within the meaning of the ADA and La. R.S. 51:2232(3)(a).

7. 900 Terry Parkway lacks knowledge or information sufficient to form a belief about the allegations of paragraph 7, and therefore denies them, subject to the same statement made in response to paragraph 6.

8. Admitted that 900 Terry Parkway LLC is a Louisiana limited liability company and that it owns the immovable property and improvements municipally addressed as 900 Terry Parkway, Terrytown, Jefferson Parish, Louisiana 70056 (the "Property"). Otherwise denied.

9. Admitted that the Property is a multi-tenant retail center and that one of its tenant spaces is leased to an operator of a Smoothie King franchise. 900 Terry Parkway does not own or operate the Smoothie King business. Otherwise denied.

10. 900 Terry Parkway lacks knowledge or information sufficient to form a belief about the allegations of paragraph 10, and therefore denies them. 900 Terry Parkway notes that paragraph 10 does not allege when the visit occurred or that Mr. Fultz purchased anything.

11. Paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, 900 Terry Parkway admits that it is subject to the laws that apply to it and denies that it has violated any of them.

12. Admitted that the Property is located in Jefferson Parish, within this District. Because the *Complaint* does not identify the "events giving rise to this lawsuit" with any particularity, 900 Terry Parkway lacks knowledge or information sufficient to form a belief about where they occurred, and otherwise denies the allegations of paragraph 12.

13. **Count I.** 900 Terry Parkway incorporates its responses to paragraphs 1 through 12.

14. Admitted that the Property is located at 900 Terry Parkway, Terrytown, Louisiana 70056; that the Property is a shopping center within 42 U.S.C. 12181(7)(E); and that the retail premises at the Property, which are operated by 900 Terry Parkway's tenants, are places of public accommodation within the meaning of 42 U.S.C. 12181(7). Denied as to any portion of the Property occupied or controlled by a religious organization, which 42 U.S.C. 12187 exempts from Title III. Otherwise denied.

15. Paragraph 15 pleads Mr. Fultz's own conduct and intentions "[u]pon information and belief." 900 Terry Parkway lacks knowledge or information sufficient to form a belief about the allegations of paragraph 15, and therefore denies them. 900 Terry Parkway specifically denies that Mr. Fultz has a genuine intent to return to the Property as a patron.

16. Paragraph 16 likewise pleads Mr. Fultz's own conduct "[u]pon information and belief" and does not identify the date of the alleged visit. 900 Terry Parkway lacks knowledge or information sufficient to form a belief about the allegations of paragraph 16, and therefore denies them.

17. Denied. 900 Terry Parkway specifically denies that Mr. Fultz "was unable to access the Property," an allegation that cannot be reconciled with paragraph 10, and denies that any ramp or slope at the Property made it "dangerous" for him to enter.

18. Denied.

19. 900 Terry Parkway lacks knowledge or information sufficient to form a belief about where Mr. Fultz lives or how far it is from the Property, and therefore denies the allegations of paragraph 19.

20. 900 Terry Parkway lacks knowledge or information sufficient to form a belief about Mr. Fultz's plans or fears, and therefore denies them. 900 Terry Parkway denies that Mr. Fultz will encounter any barrier to access at the Property and denies the remaining allegations of paragraph 20.

21. Denied, including each of subparagraphs I.A through I.E. As to subparagraph A, and the portion of subparagraph B that concerns the space in front of the Bethesda Church, 900 Terry Parkway further denies that Mr. Fultz used, attempted to use, or had any occasion to use the accessible parking space or access aisle serving the church tenant, and denies that any condition of that space or aisle caused him injury. As to the portion of subparagraph B that concerns the space in front of the Smoothie King, denied. Paragraph 21 also cites 28 C.F.R. 36.302 et seq.; section 36.302 concerns modifications of policies, practices, and procedures, and the Complaint alleges no such claim. As to subparagraph C, the *Complaint* does not identify a single tenant space or threshold, and the allegation is denied. As to subparagraph D, denied. Subparagraph E alleges nothing; it reserves barriers "to be identified following a complete inspection," and no response is required. To the extent a response is required, it is denied, and 900 Terry Parkway objects to any attempt to litigate conditions that are not pleaded.

22. Denied.

23. Denied. 900 Terry Parkway specifically denies that removal of every condition alleged in paragraph 21 is readily achievable, reasonably feasible, or easily accomplished, and denies that the *Complaint* alleges any fact in support of that conclusion.

24. Denied.

25. 900 Terry Parkway lacks knowledge or information sufficient to form a belief about the terms on which Mr. Fultz retained counsel, and therefore denies those allegations. Denied that Mr. Fultz is entitled to attorney's fees, costs, or expenses under 42 U.S.C. 12205 or otherwise.

26. **Count II**. 900 Terry Parkway incorporates its responses to paragraphs 1 through 25.

27. Paragraph 27 states a legal conclusion to which no response is required, and its final clause ("has applied the conduct of DEFENDANT") is unintelligible as written. To the extent a response is required, 900 Terry Parkway admits that La. R.S. 51:2231 et seq. was in effect during the period alleged and denies that it violated any provision of that chapter.

28. 900 Terry Parkway lacks knowledge or information sufficient to form a belief about the factual allegations of paragraph 28, and therefore denies them, subject to the same statement made in response to paragraph 6. Whether Mr. Fultz is an individual with a disability within the meaning of La. R.S. 51:2232(3)(a) is a legal conclusion to which no response is required.

29. Paragraph 29 states a legal conclusion to which no response is required. Paragraph 29 cites La. R.S. 51:2232(9), which defines "person"; the definition of "place of public accommodation, resort, or amusement" appears at La. R.S. 51:2232(10). To the extent a response is required, 900 Terry Parkway admits that its retail tenants offer goods and services to the general public from their leased premises, denies that the Property "has been supported directly or indirectly by government funds," and otherwise denies the allegations of paragraph 29.

30. Paragraph 30 purports to quote La. R.S. 51:2247, which speaks for itself. To the extent paragraph 30 characterizes the statute inaccurately or incompletely, it is denied.

31. Paragraph 31 purports to quote La. R.S. 51:2264, which speaks for itself. To the extent paragraph 31 characterizes the statute inaccurately or incompletely, it is denied. 900 Terry Parkway denies that Mr. Fultz has been injured by any discriminatory practice.

32. Denied.

33. Denied. 900 Terry Parkway specifically denies that it engaged in any discriminatory conduct or in "deliberate indifference" toward Mr. Fultz or anyone else, and denies that Mr. Fultz sustained any compensable injury or loss.

34. Denied. La. R.S. 51:2264 provides for costs of court and a reasonable fee for the attorney of record; it does not provide for "disbursements."

35. **Prayer for relief.** 900 Terry Parkway denies that Mr. Fultz is entitled to any of the relief requested in the paragraph beginning "WHEREFORE" or in its subparagraphs A through E, and denies every remaining allegation of the *Complaint* not expressly admitted above. Subparagraph D of the prayer seeks "expert fees"; La. R.S. 51:2264 does not provide for expert fees, and any award of litigation expenses under 42 U.S.C. 12205 is available only to a prevailing party.

## Defenses

Without assuming any burden of proof that the law places on Mr. Fultz, 900 Terry Parkway pleads the following defenses under Fed. R. Civ. P. 8(c) and 12(b), in the alternative where necessary as Fed. R. Civ. P. 8(d)(2) and (3) permit.

### First defense:<br>no Article III standing

36. Mr. Fultz lacks standing to seek injunctive or declaratory relief. He has not suffered an injury in fact that is concrete and particularized and fairly traceable to each condition he challenges, and he faces no real and immediate threat of future injury at the Property. Mr. Fultz has no standing as to conditions he never encountered and that never affected him, including the accessible space and access aisle serving the church tenant, and he has no standing as to any condition "to be identified following a complete inspection." His professed intent to return, pleaded on "information and belief," is not genuine. He is a serial litigant who filed fifteen Title III actions in this District between April and October 2026 and sixteen more ADA actions in this District in 2015 and 2016, and his allegations of proximity, past patronage, and future plans are the generic allegations of a litigation program rather than the facts of a patron who was turned away. 900 Terry Parkway intends to challenge standing factually under Rule 12(b)(1), on evidence outside the pleadings, after limited jurisdictional discovery. See Deutsch v. Annis Enters., Inc., 882 F.3d 169, 173-74 (5th Cir. 2018) (serial Title III plaintiff who visited once and showed no intent to return lacked standing to seek equitable relief; district court may resolve disputed jurisdictional facts

under Rule 12(b)(1)); Frame v. City of Arlington, 657 F.3d 215, 235-36 (5th Cir. 2011) (en banc) (barrier must actually affect the plaintiff's activities in some concrete way).

**Second defense:**
**mootness**

37. To the extent any condition alleged in paragraph 21 existed at the Property, it has been or is being corrected, independent of this lawsuit, through permanent physical modifications that cannot reasonably be expected to recur. No live case or controversy supports prospective relief, and the Court lacks subject matter jurisdiction over Count I and over the injunctive portion of Count II.

**Third defense:**
**failure to state a claim**

38. The *Complaint* fails to state a claim on which relief can be granted. Its barrier allegations are conclusions pleaded "upon information and belief," without the date of the visit, the conditions actually encountered, the measurements or standards allegedly violated, or any fact showing that removal is readily achievable. Paragraph 21.E pleads no barrier at all and cannot support a claim. Count II fails for the further reasons stated in the eighth defense.

**Fourth defense:**
**barrier removal not readily achievable; alternative methods**

39. The Property is an existing facility, not new construction or an alteration subject to 42 U.S.C. 12183. As to an existing facility, Title III requires removal of an architectural barrier only where removal is readily achievable, 42 U.S.C. 12182(b)(2)(A)(iv) and 12181(9), and where it is not, requires only that goods and services be made available through alternative methods that are readily achievable, 42 U.S.C. 12182(b)(2)(A)(v). Where compliance with the alterations standards is not readily achievable, 900 Terry Parkway may take other readily achievable measures that do not fully comply with those standards, 28 C.F.R. 36.304(d)(3), and the barrier removal obligation in no event exceeds the standards for alterations, 28 C.F.R. 36.304(g)(1). Removal of one or more of the conditions alleged, in the manner and to the degree Mr. Fultz demands, is not readily achievable in light of the nature

and cost of the work, existing site conditions, and the resources of 900 Terry Parkway, and 900 Terry Parkway has made or will make its tenants' goods and services available through readily achievable alternative methods.

**Fifth defense:**
**technical infeasibility;**
**compliance to the maximum extent feasible**

40. To the extent any element at the Property is or was subject to the alterations standard, full and strict compliance with the applicable technical requirements is technically infeasible because of existing structural and site constraints, including the grade of the existing parking lot, and 900 Terry Parkway has complied, or will comply, to the maximum extent feasible. 28 C.F.R. 36.402(c); 2010 ADA Standards for Accessible Design 202.3 and 106.5.

**Sixth defense:**
**safe harbor for elements compliant with the 1991 Standards**

41. To the extent any element at the Property complied with the 1991 ADA Standards for Accessible Design and has not been altered on or after March 15, 2012, that element need not be modified to meet the 2010 Standards. 28 C.F.R. 36.304(d)(2)(i).

**Seventh defense:**
**religious organization exemption;**
**conditions not within 900 Terry Parkway's control**

42. Title III does not apply to religious organizations or to places of worship, 42 U.S.C. 12187, and no relief may be had against 900 Terry Parkway for any element within premises leased to and controlled by a religious organization, including the tenant that 900 Terry Parkway understands to be a religious organization and whose premises the accessible parking space described in paragraph 21.A, and the church space described in paragraph 21.B, serve. Further, to the extent any condition alleged lies within premises or elements under the exclusive control of a tenant, responsibility for that condition has been allocated by lease to the tenant as between the parties, as 28 C.F.R. 36.201(b) permits, and 900 Terry Parkway reserves all rights against its tenants, including by third-party demand.

**Eighth defense:**
**Count II states no claim and supports no damages.**

43. La. R.S. 51:2247 prohibits denial of the full and equal enjoyment of a place of public accommodation "on the grounds of" disability. It does not impose a free-standing architectural barrier removal duty, and the *Complaint* alleges no act or practice by which 900 Terry Parkway denied Mr. Fultz anything on the ground of his disability. See La. R.S. 51:2232(5) (defining a discriminatory practice in connection with public accommodations as an "act or practice" of exclusion, restriction, or denial "because of" disability). To the extent Louisiana courts construe La. R.S. 51:2247 by reference to Title III, every defense to Count I is a defense to Count II. The "actual damages" recoverable under La. R.S. 51:2264 require proof of an actual, compensable injury caused by a discriminatory practice; Mr. Fultz has alleged none, and 900 Terry Parkway did not act intentionally, with deliberate indifference, or with any discriminatory animus. The *Complaint*'s demand for injunctive relief under Count II fails for the same reasons stated in the first and second defenses.

**Ninth defense:**
**no entitlement to attorney's fees**

44. Mr. Fultz is not, and will not become, a prevailing party within the meaning of 42 U.S.C. 12205 or La. R.S. 51:2264. A voluntary change in a defendant's conduct, even one prompted by litigation, does not confer prevailing party status; only a judicially sanctioned, material and enduring alteration of the parties' legal relationship does. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001) (construing the ADA fee provision, 42 U.S.C. 12205, and rejecting the catalyst theory); Sole v. Wyner, 551 U.S. 74, 86 (2007). Any fee award is in all events limited to a reasonable fee, and the fees claimed in a form filing that is one of fifteen filed in seven months, where neither Mr. Fultz nor his counsel made any pre-suit contact with 900 Terry Parkway, are neither reasonable nor necessarily incurred.

**Tenth defense:**
**the Court should decline supplemental jurisdiction.**

45. If Count I is dismissed for lack of standing, as moot, or on the merits, the Court should decline to exercise supplemental jurisdiction over Count II under 28 U.S.C. 1367(c)(3) and dismiss it without prejudice. Count II also raises novel and unsettled questions of Louisiana law, including whether La. R.S. 51:2247 imposes a barrier removal duty and what mental state its damages remedy requires, which independently warrant declining jurisdiction under 28 U.S.C. 1367(c)(1).

**Eleventh defense:**
**declaratory relief**

46. The request for a declaration that the Property "is in violation of the ADA and the LCHR" is duplicative of the injunctive claim, serves no useful purpose, and should be denied in the Court's discretion under 28 U.S.C. 2201.

**Twelfth defense:**
**good faith**

47. 900 Terry Parkway has at all times acted in good faith and without intent to discriminate against Mr. Fultz or any person with a disability. Its good faith bars or limits any award of damages under La. R.S. 51:2264 and bears on the reasonableness of any fee claimed.

**Thirteenth defense:**
**reservation**

48. 900 Terry Parkway reserves the right to amend this *Answer* to assert additional defenses, including defenses that become apparent after any inspection of the Property or through discovery into Mr. Fultz's visits, his litigation history, and the resolution of his other actions.

**Prayer**

49. 900 Terry Parkway asks that the *Complaint* be dismissed with prejudice at Mr. Fultz's cost; that it be awarded its costs and, to the extent the Court finds this action frivolous, unreasonable, or without foundation, its reasonable attorney's fees under 42 U.S.C. 12205, see

Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); and that it be granted all other relief to which it is entitled.

Respectfully submitted,

*/s/ Andrew T. Lilly*

**Andrew T. Lilly (La. 32559)**
Lilly PLLC
4907 Magazine Street
New Orleans, Louisiana 70115
t: (504) 812-6388
f: (504) 539-4180
e: andrew@atlpllc.com

***Attorney for 900 Terry Parkway LLC***